**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **DEBRA M. BOLEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 1:09-01270** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**M E M O R A N D U M   O P I N I O N**

This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case is presently pending before the Court on the parties' cross-Motions for Judgment on the Pleadings (Document Nos. 14 and 18.) and Defendant's Motion to Dismiss (Document No. 20.) Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document Nos. 4 and 5.).

The Plaintiff, Debra M. Bolen (hereinafter referred to as "Claimant"), filed an application for DIB on April 25, 2007, alleging disability as of January 25, 2005, due to diabetes and problems with her feet, legs, and heart. (Tr. at 10, 69, 108.) The claims were denied initially and upon reconsideration. (Tr. at 67-68, 78-80.) Claimant requested a hearing before an Administrative Law Judge (ALJ) and an administrative hearing was held on August 14, 2008, before the Honorable Geraldine H. Page. (Tr. at 22-48.) By decision dated October 28, 2008, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 10-21.) The ALJ's decision became the final decision of the Commissioner on October 23, 2009, when the Appeals Council denied Claimant's request for

review. (Tr. at 1-3.) On November 20, 2009, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (Document No. 2.)

On November 23, 2010, Claimant's counsel notified counsel for the Commissioner that Claimant had died and had no qualifying dependents that could receive Claimant's underpayment if she were successful before this Court. (Document No. 21 at 2.) The Commissioner therefore, moves for the dismissal of Claimant's Complaint. (Id.)

Claimant's death having eliminated her personal stake in the outcome of this case, and there being no party who qualifies under the Social Security Act to receive an underpayment, the Court hereby finds that this case should be dismissed as moot. See Rosetti v. Shalala, 12 F.3d 1216, 1224 (3d Cir. 1993); 42 U.S.C. § 1383(b)(1)(A)(I); 20 C.F.R. § 416.542(b)(1) (2010).

Accordingly, by Judgment Order entered this day, the parties' cross-Motion for Judgment on the Pleadings (Document Nos. 14 and 18.) are **DENIED as moot**, Defendant's Motion to Dismiss (Document No. 20.) is **GRANTED**, and this matter is **DISMISSED** from the docket of this Court.

The Clerk of this Court is directed to provide copies of this Memorandum Opinion to counsel of record.

.      ENTER: March 31, 2011.

R. Clarke VanDervort
United States Magistrate Judge